J-S16027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO GARWOOD | : | |
| | : | |
| Appellant | : | No. 977 EDA 2019 |

Appeal from the PCRA Order Entered March 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0608053-1979

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 01, 2020**

Alonzo Garwood appeals *pro se* from the denial of his fourth petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims that the PCRA court erred when it dismissed his petition as untimely. However, Garwood filed his petition more than one year after his judgment of sentence became final and he has not pleaded and proven any of the three exceptions to the PCRA time-bar. Accordingly, we affirm.

In 1980, a jury convicted Garwood of three counts of second-degree murder[1] and other related offenses, arising from his gang related firebombing of an occupied house in Philadelphia. The trial court sentenced Garwood to three terms of life imprisonment. This Court affirmed Garwood's judgment of

---

[1] 18 Pa.C.S.A. § 2502(b).

sentence on January 14, 1987, and our Supreme Court denied Garwood's petition for allowance of appeal on September 15, 1987. Garwood's first, counseled, petition for collateral relief[2] was denied in 1989, after which this Court affirmed the denial and our Supreme Court denied the petition for allowance of appeal. This Court affirmed the dismissal of Garwood's second and third petitions in 2008 and 2017 respectively.

Garwood filed the instant petition, his fourth, on February 5, 2018.[3] The PCRA court issued notice of its intent to dismiss his petition pursuant to Rule of Criminal Procedure 907(1), and dismissed the petition as untimely on March 14, 2019. This timely appeal followed.

Garwood asserts four issues on appeal. The first and fourth relate to the Court of Common Pleas' conclusion that the subject PCRA petition was untimely; the remaining issues go to the merits of the petition. We address only the first and fourth issues because we agree with the lower court that Garwood's petition was untimely. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014).

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in

---

[2] Garwood's first petition for relief was filed pursuant to the Post Conviction Hearing Act ("PCHA").

[3] We conclude that the PCRA court properly treated Garwood's "Petition for Writ Habeas Corpus/PCRA/Rule 5505" as a subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9542 (PCRA encompasses all other remedies including *habeas corpus*).

nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa.Super. 2016) (case citations and some quotation marks omitted).

Garwood's judgment of sentence became final on November 15, 1987, 60 days[4] after our Supreme Court denied allowance of appeal and Garwood did not petition the United States Supreme Court for a writ of *certiorari*. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking the review"). The instant petition, filed over 30 years later, is patently untimely. Therefore the PCRA court lacked jurisdiction to review Garwood's petition unless he successfully pleaded and proved one of the statutory exceptions to the PCRA's time-bar.

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

_____

[4] When Garwood's judgment of sentence was entered, in 1987, an appellant had 60 days within which to file a petition for *certiorari* in the United States Supreme Court. **See** Former U.S. Supreme Court Rule 20.1.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A PCRA petitioner must plead any claimed exception to the time-bar in the petition, and may not raise an exception for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007). "[Our Supreme] Court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted). Further,

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa.Super. 2003) (citations omitted).

Even liberally construed, Garwood has failed to plead and prove that his claims constitute a valid exception to the PCRA time-bar. In his petition, Garwood does not assert any new information that would establish applicability of any of the exceptions to the PCRA time-bar. Rather, he re-

argues **Brady**[5] claims that he had previously raised in earlier petitions, and baldly asserts that he acted with due diligence at the time of raising those claims. **See** Petition, 2/05/18, at 11-13; **see also Commonwealth v. Garwood**, No. 2752 EDA 2016, at *4, 7-8 (Pa.Super. filed Apr. 19, 2017) (unpublished memorandum). He further maintains that as an incarcerated person, his means to investigate matters related to his claims are very limited. **See** Garwood Br. at 5, 7-8.

In order to obtain relief under the PCRA, a petitioner must prove that the allegation of error has not been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring petitioners to prove that allegations of error have not been previously litigated or waived, in order to be eligible for relief under PCRA).

Here, because Garwood previously litigated his **Brady** claim in his third PCRA, he is unable to prove that the allegation of error underlying his claim to a governmental interference exception has not been previously litigated. To the extent he claims the new-facts exception, because he previously raised his **Brady** claim in 2010, the "facts" giving rise to the claim are not "new." Therefore, we agree with the determination of the PCRA court that Garwood's petition was not timely filed, and he failed to plead and prove any of the time-bar exceptions. Accordingly, we affirm the order denying relief.

Order affirmed.

---

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/20